*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
November 30, 2023

*In re* WHEELER-CLOSE/WHEELER, Minors.

Nos. 366040; 366041
Branch Circuit Court
Family Division
LC No. 22-006418-NA

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

In these consolidated appeals,[1] respondent-mother and respondent-father appeal as of right the trial court's order terminating their parental rights to the minor children, HW and BW, under MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case began with a May 3, 2022 petition alleging that both mother and father were continuing to use methamphetamine while the minor children were in their care. The petition further alleged that mother was driving under the influence of methamphetamine while transporting the children, that there was a history of domestic violence between mother and father in the presence of the children, and that there was a history of homelessness.

With respect to mother, the trial court assumed jurisdiction over the minor children based on mother's plea of admission to the petition allegations that she had used methamphetamine while the children were in her care and that she had tested positive for methamphetamine. The trial court assumed jurisdiction regarding father based on his plea of admission to the petition allegations that he was using methamphetamine while the children were in his care, which affected his ability to care for the children.

---

[1] *In re Wheeler-Close/Wheeler, Minors*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket Nos. 366040 and 366041).

On September 1, 2022, following a hearing, the trial court entered the initial disposition order with respect to both mother and father. The trial court ordered both parents to comply with and benefit from the service plan and that each parent's parenting time with the minor children would be supervised. More specifically, mother and father were both ordered to complete and pass random drug screens, engage with substance abuse services, complete psychological evaluations and follow recommendations from these evaluations, participate in counseling, obtain and maintain safe and stable housing, obtain and maintain verifiable employment, and complete parenting classes.

As the case progressed, mother continued to test positive for methamphetamine numerous times, and she missed many drug screens. Father also continued to test positive for methamphetamine multiple times and missed many drug screens. The foster-care worker testified that both parents indicated that they did not believe their substance abuse was an issue or that they had neglected their children. However, father admitted in his testimony at the termination hearing that he had a substance abuse issue that affected his ability to parent his children and that he had not taken any steps to rectify that problem. Father admitted that he was still using methamphetamine and that he had used it most recently on the day before the termination hearing. Mother also admitted during her termination hearing that she had a substance abuse problem that affected her ability to parent.

At the time of the hearing, mother was living in her car in the driveway of her sister's home. She had minimally participated in some substance abuse treatment for a period of time, but she had not participated in substance abuse treatment for a few months before the termination hearing. Father was living in a camper behind his employer's factory. He had not participated in any substance abuse treatment during the case.

The trial court terminated the parental rights of both mother and father under MCL 712A.19b(3)(c)(*i*), (3)(g), and (3)(j). Mother and father now appeal.

## II. STANDARD OF REVIEW

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). We review for clear error the trial court's finding that statutory grounds for termination exist. *Id*.

After the trial court determines that at least one of the statutory grounds has been met, the trial court must also find by a preponderance of the evidence that termination is in the children's best interests before it can terminate parental rights. *In re Moss*, 301 Mich App 76, 86, 90; 836 NW2d 182 (2013). We review the trial court's best-interest finding for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App at 80 (quotation marks and citation omitted). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

## III. STATUTORY GROUNDS

On appeal, mother first argues that the trial court clearly erred by finding that there were statutory grounds to support terminating her parental rights.[2]

As previously noted, the trial court terminated mother's parental rights to HW and BW pursuant to MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). The trial court need only find that one statutory ground has been proven by clear and convincing evidence to support terminating parental rights. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

Termination under MCL 712A.19b(3)(c)(*i*) is appropriate when the

> parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order,[3] and the court, by clear and convincing evidence, finds . . . [t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Termination of parental rights is proper under MCL 712A.19b(3)(c)(*i*) when "the totality of the evidence amply supports that [the respondent] had not accomplished any meaningful change in the conditions" that led to the adjudication, and there is not a reasonable likelihood that the respondent would be able to rectify those conditions within a reasonable time considering the child's age. *In re Williams*, 286 Mich App 253, 272-273; 779 NW2d 286 (2009). "A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody." *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014). Further, a parent's repeated positive or missed drug screenings coupled with lack of engagement with substance-abuse counseling services and continued substance abuse may demonstrate that termination was appropriate pursuant to MCL 712A.19b(3)(c)(*i*) where substance

---

[2] Father has not challenged the trial court's statutory grounds finding with respect to him. Nonetheless, we are satisfied from our review of the record that the trial court did not clearly err by finding that MCL 712A.19b(3)(c)(*i*) was proven by clear and convincing evidence regarding father. The condition that led to his adjudication was methamphetamine abuse affecting his ability to parent, and father admitted that he continued to use methamphetamine and had not taken any steps throughout the case to rectify this problem. The record also indicates that father continued to test positive for methamphetamine and miss drug screens throughout the case. The trial court therefore did not clearly err in finding that father's substance abuse affecting his ability to parent continued to exist and that there was no reasonable likelihood that the condition would be rectified within a reasonable time because father had not demonstrated any meaningful progress in addressing this issue during the case. One statutory ground is sufficient to support terminating parental rights. *In re Ellis*, 294 Mich App at 32.

[3] The parties do not claim that this minimum statutory period had not elapsed, nor could they. The initial dispositional order was entered on September 1, 2022 and the parent's rights were terminated on April 17, 2023.

abuse was a condition that led to the adjudication. *In re Atchley*, 341 Mich App 332, 344-345; 990 NW2d 685 (2022).

The condition that led to mother's adjudication was her substance abuse involving methamphetamine, including the abuse of methamphetamine while the children were in her care. The record supports the trial court's finding that mother did not make any meaningful progress in rectifying this condition throughout the course of the case, which demonstrated that the condition was also not reasonably likely to be rectified within a reasonable time given the children's ages.[4] Mother continued to test positive for methamphetamine, missed drug screens, and only minimally participated in services aimed at treating substance abuse before completely ceasing participation in substance abuse services. For months before the termination hearing, mother neglected to reengage with substance abuse treatment. She admitted at the termination hearing that she had a substance abuse problem that affected her ability to parent. Mother was living in her car. The trial court did not clearly err by finding that termination was proper under MCL 712A.19b(3)(c)(*i*). Mother's failure to participate in, and benefit from, her service plan showed that she was not able to provide for her children's care and custody in the future. See *In re White*, 303 Mich App at 710.

Because we conclude that the trial court did not clearly err as to Subsection (3)(c)(*i*), we need not address Subsections (3)(g) and (3)(j). See *In re Ellis*, 294 Mich App at 32.

## IV. BEST INTERESTS

Both respondents argue that the trial court erred when it determined that termination was in the best interests of the children. Father also argues that the trial court failed to follow the requirements of MCR 3.977(I) when it made its determination.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012); see also MCL 712A.19b(5). "[T]he focus at the best-interest stage" is on the children, not the parent. *In re Moss*, 301 Mich App at 87. The trial court may consider such factors as "the child's bond to the parent[;] the parent's parenting ability[;] the child's need for permanency, stability, and finality[;] and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42 (citations omitted). Other considerations include the length of time that the children were in foster care or placed with relatives and the likelihood that "the child could be returned to her parent's home within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012).

Regarding mother, the trial court determined that termination was in the children's best interests because the children needed permanence and stability. Mother's failure to participate in services, including her failure to consistently and adequately participate in treatment for substance abuse, indicated that mother could not provide permanence and stability. Further, mother's excuse that she merely forgot to sign up for services such as Narcotics Anonymous demonstrated the mindset of someone unable to provide that stability and permanency. Addressing both parents, the trial court also explained that HW and BW were placed with their grandfather, and it suspected

---

[4] The children were 12 years old and 2 years old at the time of the termination hearing.

-4-

that respondents would be able to contact them further. Considering this, the trial court explained that it would have considered keeping the children in foster-care longer if it had seen any progress from respondents, but they failed to show any of the necessary progress to justify giving them more time.

On appeal, respondent-mother argues that she had a bond with her children. Further, she claims, if she was given a reasonable amount of time, she would be able to provide for their proper care and custody. Mother's bond with her children is just one factor that the trial court may consider. See *In re White*, 303 Mich App at 713-714 (providing the multiple best-interest factors). In this case, the trial court acknowledged that respondent-mother loved her children and that respondent-mother performed well during parenting time. However, respondent-mother's bond with HW and BW alone does not demonstrate that, if given more time, respondent-mother could provide her children with permanence and stability or overcome her substance abuse issues.

Respondent-mother made no progress throughout these proceedings and, in fact, ended this case in a worse position compared to when the proceedings were initiated. Mother was unable to consistently maintain housing or employment. These proceedings were initiated largely because respondent-mother used methamphetamine when caring for her children. She did not sufficiently demonstrate that she understood that using methamphetamine when she cared for her children placed them in danger. Likewise, she never followed through with completing services to address her substance-abuse issues. She was living in her car in the driveway of her sister's home. All of this showed that she could not provide a safe and stable home for her children and that she would not be able to do so within a reasonable time. The trial court considered all of these factors together when it determined that HW and BW needed permanence and stability and that respondent-mother could not provide that for them. The trial court's best-interest determination on the record does not leave a "definite and firm conviction that a mistake has been committed . . . ." *In re Moss*, 301 Mich App at 80 (quotation marks and citation omitted). Therefore, the trial court did not clearly err when it determined that termination of mother's parental rights was in the children's best interests.

Regarding father, the trial court also determined that termination was in the children's best interests. The trial court emphasized that the children needed permanence and stability. Father did not show that he could provide permanence and stability because he did not participate in the services that were required. He admitted that he had a substance abuse problem, but he did not seek treatment. The trial court acknowledged that the children were placed with a relative, so father likely would have future contact with his children. However, father's lack of progress prevented the trial court from determining that a foster placement or guardianship would be a better option for HW and BW.

Father seemingly argues that the trial court failed to follow the requirements of MCR 3.977(I) because it did not address the children's bond with father, father's parenting ability, the advantages of a foster home over the parent's home, the possibility of adoption, or the children's well-being in care.

In a proceeding seeking termination of parental rights, the trial court must state on the record or in writing its findings of fact and conclusions of law. MCR 3.977(I). "Brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1).

However, the court is not required to examine at length each and every factor that could be relevant to HW's and BW's best interests. Instead, the trial court was obligated to determine if termination of father's parental rights was in HW's and BW's best interests on the whole record. *In re White*, 303 Mich App at 713. Further, the trial court directly considered several of the factors that father argues that the trial court did not consider. The trial court considered placement of HW and BW in a foster home and a guardianship, but it determined that these placements were not appropriate because of respondents' complete lack of progress in services. The trial court satisfied the requirements of MCR 3.977(I).

Moreover, even accepting as true father's argument that his bond with his children and housing situation weighed against terminating his parental rights, we are not left with a definite and firm conviction that the trial court erred by determining that termination was in the children's best interest considering father's total failure to address his substance abuse issue. *In re Moss*, 301 Mich App at 80. The stability needed by children includes having caretakers that are not abusing methamphetamine while they are supposed to be caring for the children, rendering them functionally unavailable to carry out their responsibilities to the children. Father's apparent bond with his children is only one of many factors that the trial court may consider in the best-interest analysis. See *In re White*, 303 Mich App at 713-714 (providing the multiple best-interest factors). Accordingly, the trial court did not clearly err when it determined that termination of father's parental rights was in the children's best interests.

Affirmed.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick